IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| Civil Action No. 05-cv-01994-WDM-BNB | |
| BILL THIEBAUT, in his official capacity as District Attorney for the Tenth Judicial District, Colorado; OFFICE OF THE DISTRICT ATTORNEY FOR THE TENTH JUDICIAL DISTRICT, COLORADO; PEOPLE OF THE STATE OF COLORADO; and SIERRA CLUB, <br><br>    Plaintiffs, <br><br>v. <br><br>COLORADO SPRINGS UTILITIES, an enterprise of the City of Colorado Springs; and the CITY OF COLORADO SPRINGS, a municipal corporation, <br><br>    Defendants. | i) |
| **STIPULATED PROTECTIVE ORDER** | |

Upon consideration of the Stipulated Motion for Entry of a Protective Order concerning certain information and documents disclosed and to be disclosed during discovery, which one or more parties claim constitute confidential information, and it appearing to the Court that sufficient cause exists for issuance of a protective order, it is HEREBY ORDERED AS FOLLOWS:

2.     "Confidential Information," as used herein, means any information of any type, kind or character which is designated as CONFIDENTIAL by any party claiming an interest in such information, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise and which has not been made available to the general public. As set forth in further detail below, the parties retain the right to challenge confidentiality designations under this Protective Order, and to challenge the applicability of any claim of confidentiality to particular documents under paragraph 1.

3.     All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no

other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

4. Documents or materials designated CONFIDENTIAL shall not be disclosed to any person except the following "Qualified Persons":

(a) Counsel for the parties in this action who are actively engaged in the conduct of this litigation and the partners, associates, secretaries, paralegal assistants, and employees of such an attorney to the extent reasonably necessary to render professional services in the litigation;

(b) Persons with prior knowledge of the documents or the confidential information contained therein, and their agents;

(c) Any party, employee or representative of a party, witness or potential witness, and outside consultants or experts retained for the purpose of assisting counsel in the litigation to whom the Confidential Document are disclosed for purposes of this litigation, who has signed a form containing:

(1) a recital that the signatory has read and understands this order;

(2) a recital that the signatory understands that unauthorized disclosures of the confidential documents may constitute contempt of court; and

(3) a statement that the signatory consents to the exercise of personal jurisdiction by this court;

(d) Any person designated by the court in the interest of justice, upon such terms as the court may deem proper; and

    (e) The Court and Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to the preparation for trial in this action.

5. Documents produced in this action for which any party or third-party seeks the protection of this order shall be designated as CONFIDENTIAL by marking each page: "CONFIDENTIAL." Designation of a document as CONFIDENTIAL constitutes a representation by the designating party that it has maintained confidentiality of such information and that no such information has been provided to a third party or otherwise publicly disclosed to the best of the party's knowledge.

6. Designation of Confidential Information shall be made at the time a copy of the document is produced to counsel. A producing party that inadvertently fails to designate a document or item at the time of production shall have ten (10) court days after discovering the inadvertent disclosure in which to correct its failure. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item, appropriately marked. Within ten (10) court days of receipt of the substitute copies, the receiving party shall return the previously unmarked items and all copies thereof. Notwithstanding the above, all items produced subject to this protective order which are not designated as Confidential Information shall be considered and treated as protected as if designated CONFIDENTIAL for a period of ten (10) court days after production. Any Confidential Information produced by a party prior to the entry of this Protective Order must be so designated by producing a replacement copy of the documents marked CONFIDENTIAL within ten (10) days of the entry of this Order.

7. A party may use CONFIDENTIAL information in any affidavit, brief, memorandum of law, or other paper filed in this litigation, subject to the terms of this Protective

Order. All material filed by any party with the Court for any purpose designated as CONFIDENTIAL, or any portion of a pleading or memorandum purporting to reproduce or paraphrase such information or material, shall be filed under seal in accordance with D.C.Colo.L.Civ.R. 7.2 and 7.3.

~~(a) The confidential information shall be submitted to the Court enclosed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action and the term CONFIDENTIAL and a statement substantially in the following form: "This information is filed under seal pursuant to the Protective Order entered in by the Court on [date], subject to a determination of a motion to seal filed by the party claiming confidentiality. If the motion is granted, this envelope containing documents which are filed in this case by [insert name of party] is not to be displayed or revealed except by agreement of the parties or by order of the Court."~~

~~(b) The party planning to file any such confidential materials with the court shall give notice of the filing five business days prior to the actual filing, by e-mail and U.S. Mail, to the party who has designated the materials confidential, specifically identifying the confidential materials planned to be filed, so as to permit the designating party to file a motion to seal those materials. If a motion to seal is filed, this information shall be maintained under seal until determination of the motion to seal by the Court. If the Court finds that the information herein is not confidential and denies the motion to seal, the information shall be made part of the public record upon denial of the motion to seal. If the Court denies the motion to seal for procedural reasons and does not find the information is "not confidential" in that denial, the information shall not become part of the public record, and the party filing the motion to seal~~

~~shall make all reasonable efforts to correct any procedural defect to ensure the confidential information is in fact filed only under seal.~~

~~(c) The Clerk of this Court is directed to maintain under seal all CONFIDENTIAL material properly filed under seal in this litigation pursuant to this paragraph.~~

8.  In lieu of marking the original of a document or item if the original is not produced, the designating party may mark the copies that are produced or exchanged.

9.  Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for purposes of this litigation, or (b) the deposition of a third party may be designated CONFIDENTIAL by indicating on the record at the deposition that the testimony is CONFIDENTIAL and is subject to the provisions of this protective order.

10. All deposition transcripts shall be treated as subject to the protective order as if designated CONFIDENTIAL for a period of twenty (20) calendar days after the date of the deposition. A party designating information disclosed at a deposition as CONFIDENTIAL must notify all of the parties, in writing, within twenty (20) calendar days after the date of the deposition by designating the specific pages and lines of the transcript that should be treated as confidential, or in the event that no transcript has yet been prepared, by designating topic areas covered in the deposition for confidential treatment with reasonable specificity. If a party reasonably requires additional time to review a transcript for designation purposes at the expiration of the twenty day period, it may give notice of an additional 10 day period for confidentiality review to all other parties, during which 10 day period time the transcripts of the deposition shall be treated as confidential.

11. Nothing herein shall prevent disclosure beyond the terms of this order if each and every party designating the information as CONFIDENTIAL consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure. Nor shall anything herein prevent any counsel of record from utilizing Confidential Information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the Confidential Information, irrespective of which party produced such information.

12. Any party may challenge the propriety of a designation as CONFIDENTIAL by written objection served upon the party or third-party making the designation. In the event that such challenge to a designation is made, the parties shall first try to resolve the dispute in good faith and on an informal basis. If the dispute or challenge cannot be resolved, then the party ~~challenging the designation~~ **designating the information as CONFIDENTIAL** may move for an order ~~removing or changing the designated status of such documents or information~~ **that the disputed information be made subject to this protective order**. The party or third-party designating the document or other information as CONFIDENTIAL shall have the burden of establishing that the designation is appropriate. Until such time as the dispute is resolved, such designated documents or information shall be maintained, as designated, in accordance with this protective order.

13. Within sixty (60) days after the conclusion of this litigation, including any appeals, any documents and all reproductions of any documents produced by a party, in the possession of the persons qualified under 3(a)-(e), shall, at the option of the producing party either be destroyed or returned to the producing party, except as otherwise agreed to in writing by the producing party, or as this Court may otherwise order, or to the extent such information

6

was used as evidence at the trial. If the producing party chooses to have its documents destroyed rather than returned to it, it shall provide written notice of this preference within thirty (30) days of the conclusion of the litigation. Thereafter, the party destroying such documents shall certify in writing to the producing party that the documents have been destroyed. As far as the provisions of this protective order restrict the communication and use of any document produced hereunder, this protective order shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction of documents that are used as exhibits in Court (unless such exhibits were admitted under seal), and (b) that a party may seek written permission from the producing party or an order of the Court with respect to the dissolution or modification of this protective order.

14. Nothing contained in this protective order prejudices the right of either party to seek additional protection from the Court for Confidential Information it believes to be outside the scope of discovery in this litigation.

Dated July 31, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

|  |  |
|---|---|
| Stipulated and Agreed to, this 27th of July 2006 | s/ John M. Barth<br>John M. Barth<br>Attorney at Law |
| ___s/ John F. Walsh<br>John F. Walsh<br>Avi S. Rocklin<br>Hill & Robbins, P.C.<br>1441 18th Street, Suite 100<br>Denver, CO  80202 | P.O. Box 409<br>Hygiene, CO  80533 |
| s/ Eric Huber_____<br>Eric Huber<br>2260 Baseline Road, Suite 105<br>Boulder, CO  80302 | |