IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 05-cv-01994-WDM-BNB

SIERRA CLUB,

    Plaintiff,

v.

COLORADO SPRINGS UTILITIES, an enterprise of the City of Colorado Springs, and
CITY OF COLORADO SPRINGS, a municipal corporation,

    Defendants.

---

**ORDER ON MOTION TO STRIKE,
MOTION FOR ENTRY OF FINAL JUDGMENT, AND
MOTION FOR LEAVE TO FILE BRIEF RESPONSE TO PROPOSED FINDINGS OF
FACT AND CONCLUSIONS OF LAW**

---

Miller, J.

This matter is before me on (1) Defendants' Motion to Strike and Exclude Certain Proposed Demonstrative Exhibits, and Related and Untimely and Undisclosed Expert Opinions (Docket No. 261); (2) Defendants' Motion for Entry of Final Judgment Against Thiebaut Plaintiffs (Docket No. 321); and (3) Defendants' Motion for Leave to File Brief Response to New Issues Raised in Sierra Club's Proposed Findings of Fact and Conclusions of Law (Docket No. 325). After a review of the pleadings and the parties' written arguments, I conclude oral argument is not required. For the reasons set forth below, the motion to strike shall be denied as moot, the motion for entry of final judgment shall be denied, and the motion for leave to respond shall be granted.

<u>Background</u>

PDF Final

This case is a consolidation of two "citizen's suits" against Colorado Springs Utilities and the City of Colorado Springs (collectively "Defendants") alleging violations of the Clean Water Act (CWA). The plaintiff in the first action was Bill Thiebaut, acting in his official capacity as District Attorney for the Tenth Judicial District of Colorado, on behalf of the District Attorney's office and the People of Colorado (collectively the "Thiebaut Plaintiffs"). The plaintiff in the second case was the Sierra Club ("Plaintiff Sierra Club"). In general, Plaintiffs allege that Colorado Springs has violated the CWA through repeated "accidents" where they have discharged contaminants (often raw sewage) into Fountain Creek and its tributaries. On August 29, 2007, this Court dismissed the Thiebaut Plaintiffs from the case for lack of standing (Docket No. 256). The Thiebaut Plaintiffs moved for reconsideration on September 7, 2007 (Docket No. 269) but this motion was denied on January 24, 2008 (Docket No. 312). The case was tried in a two week bench trial held January 28, 2008 through February 7, 2008. A final decision has not been entered.

Discussion

1. <u>Defendants' Motion to Strike (Docket No. 261)</u>

Prior to trial, Defendants moved to strike Plaintiff Sierra Club's proposed demonstrative exhibits and certain expert opinions (Docket No. 261). As the trial has already concluded and the issues addressed in the motion either did not become issues at trial or were resolved during trial, I conclude that it is appropriate to deny Defendants' motion as moot.

2. <u>Defendants' Motion for Entry of Final Judgment (Docket No. 321)</u>

Defendants also move for entry of final judgment against the Thiebaut Plaintiffs

pursuant to Fed. R. Civ. P. 54(b). Federal Rule of Civil Procedure 54(b) states:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Entry of judgment under Rule 54(b) is "appropriate *only* when the district court 'adheres strictly to the rule's requirement that a court make two express determinations.'" *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2001) (emphasis in original) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)). "First, the district court must determine that its judgment is final. Second, the district court must determine that no just reason for delay of entry of judgment exists." *Id.* (internal citations omitted); *see Jordan v. Pugh*, 425 F.3d 820, 826 (10th Cir. 2005) ("Rule 54(b) establishes three prerequisites for appeal of a separate final judgment on fewer than all claims in a lawsuit: (1) multiple claims; (2) a final decision on at least one claim; and (3) a determination by the district court that there is no just reason for delay."). A final decision is one that "is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Jordan*, 425 F.3d at 826 (quoting *Curtiss-Wright*, 446 U.S. at 7).

"In making these determinations, the district court should act as a 'dispatcher' weighing Rule 54(b)'s policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal." *Stockman's Water*, 425 F.3d at 1265. The factors that a district court should consider when determining whether to enter judgment pursuant to Rule 54(b) are whether the claims adjudicated are separable from the claims remaining in the case and whether the nature of the claims are "such that no

appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* Courts entering judgment pursuant to Rule 54(b) "should clearly articulate their reasons and make careful statements based on the record supporting their determination of finality and no just reason for delay." *Id.* (internal quotation omitted).

In this case, the Thiebaut Plaintiffs were dismissed from this action in an order on summary judgment because they lacked standing. Defendants argue that this is a final judgment and, as there is no just reason for delay, final judgment pursuant to Rule 54(b) is appropriate. Plaintiff Sierra Club and the Thiebaut Plaintiffs (collectively "Plaintiffs") jointly respond that entry of judgment is not appropriate because (1) it would result in piecemeal litigation and appeals; (2) it is not in the interest of judicial economy, and (3) it would deprive the Thiebaut Plaintiffs the opportunity to assess the court's bench trial ruling prior to determining whether to appeal.[1] Defendants reply that Plaintiffs have not demonstrated any just reason for delay as no risk of piecemeal appeals has been demonstrated and that the Thiebaut Plaintiffs are not entitled to be able to base their decision to appeal on the outcome of another case. I agree with Plaintiffs.

First, I conclude that the order dismissing the Thiebaut Plaintiffs from the case for lack of standing is a final judgment because it is the ultimate disposition of the Thiebaut Plaintiffs' claims against Defendants. However, I conclude that there is just reason for

---

[1] Plaintiffs also seek a ruling that the cases will remain consolidated through final judgment and a ruling that final judgment on all claims and against all parties will occur at the time the Court issues its decision on the bench trial. To the extent these requests are motions, they are not permitted under the local rules as they were not filed as a separate motion. *See* D.C.COLO.LCivR 7.1C ("A motion shall not be included in a response or rely to the original motion. A motion shall be made in a separate paper."). Therefore, I will disregard these requests.

delay.  Although the standing issues on which the Thiebaut Plaintiffs were dismissed are separate and distinct from the claims presented by Plaintiff Sierra Club during the bench trial (*i.e.*, standing for the Thiebaut Plaintiffs and violations of the CWA for Plaintiff Sierra Club), the interests of the parties are significantly linked due to the nature of the claims against Defendants.  Indeed, both plaintiffs seek only injunctive relief and damages paid to the U.S. Treasury rather than damages paid to the plaintiffs themselves.  Therefore, considerations on appeal would likely be similar or interrelated.  I agree with Plaintiffs that this provides a just reason for delay, namely the possibility of avoiding the Thiebaut Plaintiffs' appeal altogether and avoiding piecemeal appeals.[2]  I also note that it does not appear that inequity would result should final judgment against the Thiebaut Plaintiffs be delayed.  *See id.* (determining that the district court should "weigh[] Rule 54(b)'s policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal").  Therefore, I conclude that final judgment regarding all claims and all parties is more appropriate than entering final judgment against the Thiebaut Plaintiffs at this time.

3.      Defendants' Motion for Leave to Respond (Docket No. 325)

Defendants also move for leave to file a brief response to Plaintiff Sierra Club's Proposed Findings of Fact and Conclusions of Law because this filing included issues not argued at trial including "irreparable harm" and issues relating to civil penalties.  Defendants have submitted their proposed response (Docket No. 325-2) which I

---

[2]  I note that this reason is not specifically listed as a factor to consider in a Rule 54(b) analysis by the Tenth Circuit.  *See Stockman's Water*, 425 F.3d at 1265.  However, the list does not purport to be exhaustive and I conclude that this reason provides just cause for delay of entry of judgment.  Furthermore, the reason is related to piecemeal appeals.

construe as a supplement to its Proposed Findings of Fact and Conclusions of Law (Docket No. 322). Plaintiff Sierra Club responds that the issues were raised at trial and in previous briefings. Plaintiff Sierra Club also submits a proposed response (Docket No. 331-2) or, as I construe it, supplement to its Proposed Findings of Fact and Conclusions of Law (Docket No. 323).

As full briefing supports a determination of the case on the merits, I conclude that the supplements should be accepted. I note, however, to assuage Defendant's apparent concern, that all final findings of fact and conclusions of law will be, as they are required to be, determined based on the evidence presented at trial. Finally, I conclude that Defendants should be given the opportunity to respond to any new arguments presented in Plaintiff Sierra Club's supplement to its Proposed Findings of Fact and Conclusions of Law.

Accordingly, it is ordered:

1. Defendants' Motion to Strike and Exclude Certain Proposed Demonstrative Exhibits, and Related and Untimely and Undisclosed Expert Opinions (Docket No. 261) is denied as moot.

2. Defendants' Motion for Entry of Final Judgment Against Thiebaut Plaintiffs (Docket No. 321) is denied.

3. Defendants' Motion for Leave to File Brief Response to new Issues Raised in Sierra Club's Proposed Findings of Fact and Conclusions of Law (Docket No. 325) is granted.

4. Defendants' proposed supplemental trial brief (Docket No. 325-2) is accepted.

5. Plaintiff's proposed supplemental trial brief (Docket No. 331-2) is accepted.

6. Defendants may file a response to Plaintiff's supplemental trial brief, limited to five pages, on or before September 17, 2008.

DATED at Denver, Colorado, on September 10, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge