IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 05-cv-01994-WDM-BNB

SIERRA CLUB,

    Plaintiff,

v.

CITY OF COLORADO SPRINGS, a municipal corporation,

    Defendant.

**ORDER ON MOTION TO SUPPLEMENT AND
MOTION TO AMEND COMPLAINT**

Miller, J.

This matter is before me on Plaintiff's Motion to Supplement the Record Concerning Defendant's Post-Trial Sewer Overflows and Reclaimed Water Spills (Docket No. 335) and Plaintiff's Motion for Leave to File Fourth Amended and Supplemented Complaint (Docket No. 338). After a review of the pleadings and Plaintiff's written arguments, I conclude oral argument is not required. For the reasons set forth below, the motion to supplement will be denied and the motion to amend will be granted in part and denied in part.

<u>Background</u>

This is a "citizen's suit" against the City of Colorado Springs alleging violations of the Clean Water Act (CWA). In general, Plaintiff alleges that Defendant has violated the CWA through repeated "accidents" where they have discharged contaminants (often raw sewage) into Fountain Creek and its tributaries. The initial complaint in this action

was filed in December 2005.  On June 6, 2007, over Defendant's objection, Magistrate Judge Boland accepted as filed Plaintiff's Third Amended Complaint, which included discharges through February 8, 2007.   In permitting Plaintiff leave to file a Third Amended Complaint, Magistrate Judge Boland ordered that no further amendments would be allowed.  At a subsequent proceeding before me, Plaintiff stated that it was bound by Magistrate Judge Boland's pre-trial order but indicated that it may pursue amendment or supplementation at trial.

A two-week bench trial was held from January 28, 2008 to February 7, 2008.  During trial Plaintiff moved to supplement or amend its Third Amended Complaint to add additional events occurring in 2007: chlorine exceedances on June 26, 2007 and July 24, 2007; a sewage spill on May 29, 2007; and a non-potable water spill on November 19, 2007 (the "Trial Additions").[1]  Defendant opposed this motion.  I heard evidence regarding these additional events but reserved ruling as to amendment of the Third Amended Complaint.  This oral motion remains pending.[2]

On November 4, 2008, Plaintiff filed its motion to supplement the record (Docket No. 335), seeking to add to the record public records of the State of Colorado Department of Public Health and Environment regarding Defendant' post-trial discharges.  Specifically, Plaintiff seeks to add wastewater spills occurring on March 15,

---

[1] Plaintiffs' notice of intent to sue regarding wastewater spills include an April 29, 2009 event (*see* Ex. 319) which was not included in Plaintiff's motion.

[2] Although none of these events are listed in the appendices of Plaintiff's proposed Fourth Amended Complaint (Docket No. 338-3), which set forth the other incidents on which Plaintiff bases its claims, the motion was made at trial to add these events to the complaint and remains pending.  Furthermore, the events are listed within the complaint itself.  *See* Docket No. 338-3 ¶¶ 28, 45

2008, March 18, 2008, March 26, 2008, June 17, 2008, June 18, 2008, July 25, 2008, October 24, 2008, and October 28, 2008 and reclaimed water spills occurring on February 24, 2008 and September 7, 2008 (the "2008 Additions").  Defendant opposes this motion.  After sending the required notice letter to Defendant and waiting the prescribed sixty days, *see* 33 U.S.C. § 1365(b), Plaintiff filed its motion to amend the complaint (Docket No. 338).  This motion seeks to amend the Third Amended Complaint, the operative complaint at trial, to add the 2008 Additions, two spills in January 2008 (January 12, 2008 and January 25, 2008) which were addressed at trial (the "January Additions"), and two chlorine exceedances (June 26, 2007 and July 24, 2007)[3] which were also addressed at trial.[4]  Defendant also opposes this motion.

### Standard of Review

Fed. R. Civ. P. 15(a) allows amendment of the complaint with leave of the court and states that leave should be "freely given when justice so requires."  Fed. R. Civ. P. 15(b) concerns amendments during and after trial.  Finally, Fed. R. Civ. P. 15(d) allows "on motion and reasonable notice" an amendment to the pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  "Rule 15(d) gives trial courts broad discretion to permit a party to serve a supplemental pleading setting forth post-complaint transactions, occurrences or events."  *Walker v. UPS*, 240 F.3d 1268, 1278 (10th Cir. 2001) (citing *Gillihan v.*

---

[3] Plaintiff also moved to add the chlorine exceedances at trial.  *See supra.*

[4] Despite Plaintiffs indication in its trial brief (Docket No. 295) that it would seek leave to add the events on December 26, 2006 (non-potable water spill); April 29, 2007 (wastewater spill); and September 28, 2007 (non-potable water spill), no motion has been made with respect to these events.  Therefore, I will not address these events in this order.

*Shillinger*, 872 F.2d 935, 941 (10th Cir. 1989)).  Although such leave "'should be liberally granted unless good reason exists for denying leave, such as prejudice to the defendants' . . . such notions 'are addressed to the sound discretion of the trial court'" *Id.* (quoting *Gillihan*, 872 F.2d at 941).

### Discussion

Plaintiff argues that leave to amend is appropriate with respect to the 2008 Additions pursuant to Fed. R. Civ. P. 15(d).  First, Plaintiff argues that it is in the interest of judicial economy to allow amendment of the Third Amended Complaint.  It argues that although it could file a separate lawsuit based on the new violations, such action would result in duplicative or overlapping proceedings and increase the time and expense for both the Court and the parties.  Furthermore, Plaintiff argues that any subsequent lawsuit will be consolidated with the current actions and, therefore, resolution of this case would be delayed.  Second, Plaintiff contends that its motion to amend is timely.  It claims that it was unable to move to amend prior to February 2009 because it was not aware of the 2008 Additions until November 2008 when it received the records in response to a Colorado Open Records Act request.  Thereafter, Plaintiff sent a notice letter to Defendant, waited the requisite sixty days, and then moved to amend its complaint.  *See* 33 U.S.C. § 1365(b) (requiring notice at least sixty days prior to commencement of a private enforcement action).  Finally, Plaintiff argues that amendment will not result in any prejudice to Defendant because Defendant has had substantial prior notice that its discharges and reclaimed water violations would become part of this lawsuit as they occurred.  Plaintiff contends that the amendment and supplementation will not require any unduly burdensome additional discovery.  It further

argues that even if a hearing is required, Defendant will not suffer prejudice as a hearing is simply a part of the litigation process.  In fact, Plaintiff argues that the added claims can be resolved on summary judgment as there are no genuine issues of fact as to the discharges.

Defendant opposes Plaintiff's motions.  Defendant argues first that Plaintiff's motion is untimely because Plaintiff was aware of the releases for "some ten months" before it moved to amend.  The thrust of Defendant's opposition, however, rests on prejudice and due process.  Defendant argues that it will suffer prejudice should Plaintiff be permitted to amend its complaint to include the new events because it will need to engage in substantial new discovery and preparation to defend the newly added events, which will "bring into factual contention Colorado Springs' ongoing operations, expenditures, and maintenance of its wastewater system for all of 2008." (Docket No. 339 at 6.)  Defendant contends that it will therefore be required to investigate and present evidence as to the circumstances of each release, whether the releases were upsets, Defendant's ongoing expenditures to improve its system, expert testimony regarding the releases as compared to other wastewater systems, additional financial information about Defendant, and the ability of Colorado Springs's citizens to sustain additional rate increases in this economic environment. Defendant argues that any denial of the right to present evidence and argument regarding the added releases would be a denial of due process.  *See Nelson v. Adams U.S.*, 529 U.S. 460, 466 (2000) (holding that the opportunity to respond to an amended proceeding, as provided in Rule 15, is "fundamental to due process").

Plaintiff replies that having to respond to the new allegations does not constitute

prejudice, but rather is simply part of the litigation process. Plaintiff further argues that because the new events concern the same subject matter as those tried at trial, the addition of the events does not broaden the scope of the case such that amendment is inappropriate. Plaintiff does not object to providing Defendant the opportunity to respond to the new allegations either in a brief or at a hearing.

After reviewing the parties arguments, the evidence presented at trial, and the new claims sought to be added to the complaint, I conclude that the addition of the 2008 Additions is inappropriate in this case. Although the type of alleged violations is the same, *i.e.*, wastewater and reclaimed water spills, the addition of the 2008 Additions would significantly broaden the scope of the case as it was presented at trial. The trial focused on violations from 2004 through 2007 and evidence was presented regarding all of the violations as well as Defendant's wastewater system, including how Defendant's system compared to other wastewater systems in the country, the improvements that Defendant had made and was scheduled to make to its system, and the operating budget for the wastewater system. As Defendant is entitled to an opportunity to respond to and present evidence regarding any added violations, adding the 2008 Additions to this case would result in Defendant's presentation of additional evidence regarding the individual 2008 Additions as well as the state of Defendant's wastewater system in 2008. *See Nelson*, 529 U.S. at 466 (holding that a defendant must be afforded the opportunity to respond to and present evidence regarding any supplemental pleadings). Therefore, although leave to amend under Rule 15(d) "should be liberally given", see *Walker*, 240 F.3d at 1278 (citing *Gillihan*, 872 F.2d at 941), given that this case is currently ripe for disposition, I conclude that amendment is

inappropriate because it will enlarge the scope of the issues before me, *see Fisher v. Okla. Dep't of Corr.*, 213 Fed. Appx. 704, 709–10 (10th Cir. 2007) (unpublished)[5] (affirming denial of motion to supplement under Rule 15(d) because the "case was ready for disposition on summary judgment on the original claims" at the time leave to supplement was sought).

With respect to the Trial Additions[6] and the January 2008 Additions, however, I conclude that amendment is appropriate under Rule 15(d). As evidence surrounding these claims was presented during trial, inclusion of the events in this case will not increase the scope of the case. Furthermore, they are fully presented to me and ready for disposition. However, with respect to these violations, I must also address whether adequate notice was given for the events pursuant to the Clean Water Act ("CWA"). *See* 33 U.S.C. § 1365(b).

The CWA mandates that citizens give proper notice of intent to sue at least sixty days before they commence a private enforcement action. The contents of this notice are prescribed by the Environmental Protection Agency (EPA), *id.*, which has established the following standards:

> Notice . . . shall include sufficient information to permit the recipient to identify the specific standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name, address, and telephone number of the

---

[5] Although the Tenth Circuit does not allow citation to unpublished opinions for precedential value, unpublished opinions may be cited for persuasive value. 10th Cir. R. 32.1.

[6] As outlined above, the events sought to be added at trial are: a wastewater spill on May 29, 2007; a reclaimed water spill on November 19, 2007; and chlorine spills on June 26, 2007 and July 24, 2007.

person giving notice.

40 C.F.R. § 135.3; *see also Karr v. Hefner*, 475 F.3d 1192, 1200 (10th Cir. 2007).

As I noted in my Order of January 24, 2008 (Docket No. 312), although the Tenth Circuit has not yet expressed a position on the question of jurisdiction, *cf. N.M. Citizens for Clean Air & Water v. Espanola Mercantile Co.*, 72 F.3d 830, 833 n.2 (1996) (finding it unnecessary to decide the "intriguing" question as to whether the a mandatory precondition to a citizen suit is jurisdictional), a recent case strongly points toward a truly jurisdictional interpretation of the notice requirement, *see Karr*, 475 F.3d at 1196, 1206 (affirming *sua sponte* dismissal due to inadequate notice). Regardless of whether the requirement is jurisdictional, however, notice is a mandatory precondition that, if not met, requires dismissal of the action. *See Hallstrom v. Tillamook County*, 493 U.S. 20, 33 (1989). Therefore, if Plaintiff failed to comply with the CWA citizen suit provisions' notice requirement, the claims must be dismissed, even if evidence of the events was presented at trial.

With respect to the Trial Additions, Plaintiff provided specific notice of its intent to sue on these violations in notice letters sent to Defendant. The September 27, 2007 notice letter included the chlorine exceedances of June 26, 2007 and July 24, 2007 and the wastewater spill of May 29, 2007. The November 30, 2007 notice letter included the reclaimed water spill of November 19, 2007. As both of these letters predate the start of the trial[7] by more than sixty days, it is clear that proper notice was given regarding these

---

[7] As Plaintiff sought to add these events during trial and evidence was submitted regarding these events at trial, I conclude that the proper date for assessing whether proper notice was given is the beginning of the trial. This ensures that Defendant had notice of Plaintiff's intention to pursue a citizen's suit on these events sixty days prior to when evidence regarding the events was set forth.

events and they may be added to the complaint.

The January Additions, however, were never specifically included in a notice letter sent to Defendant until December 7, 2008—approximately nine months after trial. In fact, Plaintiff admits in its Motion for Leave to File Fourth Amended and Supplemented Complaint (Docket No. 338) that it was not aware of these events until notified of the events by Defendant at trial. As Plaintiff has previously argued that notice of violations was provided by its notice letters that included similar types of violations, I will address that argument with respect to these events.

Under the rule adopted by the Third Circuit, to avoid the requirement of additional notice, new violations occurring after the complaint was filed must be of the "same type [as the] violation included in the [previous] notice letter (same parameter, same outfall)."[8] *Pub. Interest Research Group of N.J., Inc. v. Hercules, Inc.*, 50 F.3d 1239, 1250 (3d Cir. 1995). First, as I noted in previous orders, the catch-all language in Plaintiff's notice letters that attempts to provide notice of all past or future releases and discharges in violation of the permits is insufficient to confer notice on Defendant under the CWA. *See Karr*, 475 F.3d at 1200 (emphasizing that notice must do more than "generally orient[] the agency or violator as to the type of violation" because the recipient must be able to determine "what the citizen *is alleging*-not what the citizen could allege if the citizen knew more or cared about other possible transgressions")

---

[8] I am mindful that other courts have adopted a stricter approach to the notice requirement. *See Wash. Trout v. McCain Foods, Inc.*, 45 F.3d 1351, 1352–54 (9th Cir. 1995); *Cal. Sportfishing Prot. Alliance v. City of West Sacramento*, 905 F.Supp. 792, 797–99 (E.D. Cal. 1995). However, because I conclude that proper notice was not given to Defendant for the January Additions even under Third Circuit's approach, which is the most lenient standard, I need not analyze the issue under the stricter approaches of other courts.

(quoting *Cal. Sportfishing Prot. Alliance v. City of W. Sacramento*, 905 F. Supp. 792, 799 (E.D. Cal. 1995) (emphasis in original)); *Atl. States Legal Found., Inc. v. United Musical Instruments, U.S.A., Inc.*, 61 F.3d 473, 478 (6th Cir. 1995) (holding that plaintiff's notice of intention to sue for "violations not yet known" was inadequate). Second, as I have also determined in prior orders, general similarities in the events do not suffice to confer notice, especially in the context of Colorado Springs's large sewer system. Therefore, the fact that the January Additions are similar to previously noticed violations in that they unlawful discharges of wastewater under the permit into the same waters, does not make the January Additions sufficiently similar to other noticed events such that the notice requirement has been satisfied.

Furthermore, I conclude that the fact that the January Additions resulted from causes that are similar to causes of events previously noticed does not satisfy the notice requirement. Evidence at trial demonstrated that there was a finite, and relatively small, number of causes that result in the vast majority of spills, *i.e.*, grease blockages, vandalism, storm events, roots, pipe failure, and debris. To dispense with the notice requirement based solely on the fact that the new events resulted from a cause that had been previously noticed would effectively dispense with the explicit notice requirement set forth in the statute.[9] As Plaintiff has not identified any other commonality between the January Additions and the previously noticed events, I conclude that proper notice

---

[9] This conclusion remains true even though Defendant was required to report its own violations. *See Hercules*, 50 F.3d at 1251 (finding that "the permit holder is on notice of continuing or intermittent violations, given the fact that the permit holder is responsible" for reporting violations, if the permit holder was "already on notice of violations of the same type, whether past or continuing").

was not provided for the January Additions. Therefore, permitting their addition to the complaint would be improper even though evidence regarding these violations was presented at trial.[10]

Accordingly, it is ordered:

1. Plaintiff's Motion to Supplement the Record Concerning Defendant's Post-Trial Sewer Overflows and Reclaimed Water Spills (Docket No. 335) is denied.

2. Plaintiff's Motion for Leave to File Fourth Amended and Supplemented Complaint (Docket No. 338) is granted in part and denied in part.

3. The Third Amended Complaint is deemed amended to include the wastewater event occurring on May 29, 2007; the reclaimed water event occurring on November 19, 2007; and the chlorine exceedances occurring on June 26, 2007 and July 24, 2007.

4. Plaintiff's motions to amend, include the oral motion at trial, are otherwise denied.

DATED at Denver, Colorado, on April 29, 2009.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge

---

[10] I do note, however, that although the failure to provide notice precludes claims based on these violations, I may consider evidence of the violations when determining injunctive or other relief in the case as a whole.