IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 05-cv-01994-WDM-BNB

SIERRA CLUB,

    Plaintiff,

v.

CITY OF COLORADO SPRINGS, a municipal corporation,

    Defendant.

## ORDER ON MOTION FOR RECONSIDERATION

Miller, J.

    This matter is before me on Plaintiff's Motion for Reconsideration (Docket No. 345). After a review of the pleadings and Plaintiff's written arguments, I conclude oral argument is not required. For the reasons set forth below, the motion shall be denied.

### Background

    As I have explained in numerous rulings in this case, this is a "citizen's suit" against the City of Colorado Springs alleging violations of the Clean Water Act (CWA) through repeated "accidents" where Defendant has discharged contaminants into Fountain Creek and its tributaries. On June 6, 2007, Magistrate Judge Boland accepted as filed Plaintiff's Third Amended Complaint, which included discharges through February 8, 2007. A two-week bench trial based on this complaint was held from January 28, 2008 to February 7, 2008. During trial Plaintiff moved to supplement or amend its Third Amended Complaint to add four additional events occurring in 2007.

Defendant opposed this motion. I heard evidence regarding these additional events at trial but reserved ruling as to amendment of the Third Amended Complaint.

On November 4, 2008, Plaintiff filed a motion to supplement the record, seeking to add to the record public records of the State of Colorado Department of Public Health and Environment ("CDPHE") regarding Defendants' post-trial discharges (the "2008 Additions"). After sending the required notice letter to Defendant and waiting the prescribed sixty days, *see* 33 U.S.C. § 1365(b), Plaintiff filed a motion to amend the complaint seeking to add the 2008 Additions, two spills in January 2008 (January 12, 2008 and January 25, 2008) which were addressed at trial (the "January Additions"), and two chlorine exceedances (June 26, 2007 and July 24, 2007),[1] which were also addressed at trial.

By Order dated April 29, 2009 (Docket No. 344), I denied Plaintiff's motions to amend the Third Amended Complaint, the operative complaint at trial, except with respect to four events occurring in 2007. I concluded that Rule 15 permitted amendment for all events that were addressed at trial, including the January Additions, but that only those events for which proper notice had been given pursuant to the Clean Water Act ("CWA") could be added to the complaint. With respect to the January Additions, I concluded that Plaintiff had not adequately provided notice to Defendants prior to trial and, therefore, the CWA barred the claims. Plaintiff now moves for reconsideration of my decision regarding the January Additions.

<u>Standard of Review</u>

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'

---

[1] Plaintiff also moved to add the chlorine exceedances at trial. *See supra*.

Instead the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver*, 952 F.2d at 1243. Fed. R. Civ. P. 59(e) will govern when the motion for reconsideration is filed within ten days of the judgment and Fed. R. Civ. P. 60(b) will govern all other motions. *Id.*

A motion for amendment under Rule 59(e) is limited to a narrow set of circumstances: it "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. . . . It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete*, 204 F.3d at 1012 (citing *Van Skiver*, 952 F.2d at 1243). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). This same standard has been applied to both Rule 59(e) motions, *see id.*; *Schlussler-Womak v. Chickasaw Tech Prod.*, 116 Fed. Appx. 950 (10th Cir. 2004) (unpublished),[2] and Rule 60(b) motions, *see Lyons v. N.M. Dep't of Corr.*, 12 Fed. Appx. 772, 773 (10th Cir. 2001) (unpublished); *Adams v. Anderson*, 12 Fed. Appx. 910, 914 (10th Cir. 2001) (unpublished).

In this case, Plaintiff filed its motion for amendment within ten days after the Order entered in the case. Therefore, Plaintiff's motion was timely filed pursuant to Rule 59(e).

---

[2] Although the Tenth Circuit does not allow citation to unpublished opinions for precedential value, unpublished opinions may be cited for persuasive value. 10th Cir. R. 32.1.

Discussion

Plaintiff argues for reconsideration because notice for the January Additions was provided in (1) the December 1, 2008 notice letter; (2) multiple pre-trial notice letters as the January Additions are sufficiently similar to previously noticed events; and (3) pre-trial notice letters because the notice letters stated that it covered all events that Defendants reported to the CDPHE.  In addition to responding to Plaintiff's legal arguments, Defendants respond that Plaintiff's motion fails to set forth any valid reason to warrant reconsideration.  Defendants maintain that the motion is merely an attempt to relitigate issues that have already been decided.  I agree with Defendant.  Notably, even after Defendants raise the issue, Plaintiff again fails in its reply to set forth a valid reason why reconsideration is appropriate in this case.  Indeed, there has not been an intervening change in controlling law, there is no newly discovered evidence, and Plaintiff has not articulated a "need to correct clear error or prevent manifest injustice." *Servants of the Paraclete*, 204 F.3d at 1012 (citing *Brumark*, 57 F.3d at 948).  In fact, Plaintiff is merely reasserting the same arguments that it has made throughout this case.  Therefore, reconsideration of my previous order is not appropriate under Rule 59(e).

However, in an effort to be abundantly clear, I shall quickly address the merits of Plaintiff's arguments.  First, contrary to Plaintiff's argument, I am and was at the time I entered my previous order, fully aware that Plaintiff included the January Additions in the December 1, 2008 notice letter.  I am also fully aware that Plaintiff did not move to amend the complaint until sixty days after such notice letter.  However, as I concluded in my previous order, "the proper date for assessing whether proper notice was given is

4

the beginning of the trial." (Order dated April 29, 2009, Docket No. 344 at 8.) I reasoned that "[t]his ensures that Defendant had notice of Plaintiff's intention to pursue a citizen's suit on these events sixty days prior to when evidence regarding the events was set forth." *Id.* Under the CWA, the "'purpose of notice to the alleged violator is to give it an opportunity to bring itself into complete compliance with the Act and thus . . . render unnecessary a citizen suit.'" *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.(TOC), Inc.*, 528 U.S. 167, 175 (2000) (quoting *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 60 (1987)). Considering notice given after trial as sufficient under the CWA would effectively deprive Defendants of the very protection that notice is designed to provide—avoidance of a citizen's suit. *See id.* Therefore, as I already concluded, for determining whether proper notice was given for the January Additions, the relevant date is the beginning of the trial. Thus, the December 1, 2008 notice is irrelevant as it was provided approximately nine months after trial.

Second, I have already clearly determined that the pre-trial notice letters did not serve to provide notice for the January Additions. As stated in my previous order:

> First, as I noted in previous orders, the catch-all language in Plaintiff's notice letters that attempts to provide notice of all past or future releases and discharges in violation of the permits is insufficient to confer notice on Defendant under the CWA. *See Karr*, 475 F.3d at 1200 (emphasizing that notice must do more than "generally orient[] the agency or violator as to the type of violation" because the recipient must be able to determine "what the citizen *is alleging*-not what the citizen could allege if the citizen knew more or cared about other possible transgressions") (quoting *Cal. Sportfishing Prot. Alliance v. City of W. Sacramento*, 905 F. Supp. 792, 799 (E.D. Cal. 1995) (emphasis in original)); *Atl. States Legal Found., Inc. v. United Musical Instruments, U.S.A., Inc.*, 61 F.3d 473, 478 (6th Cir. 1995) (holding that plaintiff's notice of intention to sue for "violations not yet known" was inadequate). Second, as I have also determined in prior orders, general similarities in the events do not suffice to confer notice, especially in the

> context of Colorado Springs's large sewer system. Therefore, the fact that the January Additions are similar to previously noticed violations in that they unlawful discharges of wastewater under the permit into the same waters, does not make the January Additions sufficiently similar to other noticed events such that the notice requirement has been satisfied.

(Order dated April 29, 2009, Docket No. 344 at 9–10.)  I further concluded that the fact that the January Additions were caused by the same type of causes as previously noticed events did not make them sufficiently similar such that the notice requirement was met for the January Additions.  Although Plaintiff now reargues that there were many similarities between the previously noticed events and the January Additions, I am still unpersuaded that the notice requirement has been met.  As I have previously determined, to allow previous notice letters to suffice for notice of the January Additions based on their similarities in such general and overarching categories as (1) being sewage spills (2) from the Las Vegas Treatment Plant or pipes[3] (3) in violation of the permit (4) into the waters of Fountain Creek (5) and caused by grease blockages or vandalism,[4] would effectively dispense with the notice requirement all together.  As Congress has explicitly required notice of each specific violation and not simply the general type of violation, such a result is unacceptable.  Therefore, I again conclude that the alleged similarities between the previously noticed events and the January Additions are not sufficient to confer notice regarding the January Additions, regardless of the number and range of violations noticed in previous notice letters.

---

[3] Apparently, the January 12, 2008 event was from the Las Vegas Treatment Plant and the January 25, 2008 event was from an 8 inch pipe.

[4] According to Plaintiffs, the January 12, 2008 event was due to a grease blockage while the January 25, 2008 event was attributable to vandalism or some other third party action.

6

Finally, Plaintiff argues that the previous notice letters provided notice for the January Additions because they specified that the notice covered "all the sewage spills and alleged upsets that Colorado Springs reported to CDPHE." (Docket No. 345 at 10.) However, as I already concluded, such broad catch-all language is insufficient to confer notice for all future violations. Furthermore, to allow such catch-all language to suffice would effectively dispense with the notice requirement.

Accordingly, it is ordered that Plaintiff's Motion for Reconsideration (Docket No. 345) is denied.

DATED at Denver, Colorado, on August 20, 2009.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge